PHIL WEISER
Attorney General

NATALIE HANLON LEH
Chief Deputy Attorney General

SHANNON STEVENSON
Solicitor General

TANJA WHEELER
Associate Chief Deputy Attorney General



STATE OF COLORADO
DEPARTMENT OF LAW

RALPH L. CARR
COLORADO JUDICIAL CENTER
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

July 11, 2025

VIA CM/ECF

Christopher M. Wolpert
Clerk of Court
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re: St. Mary Catholic Parish in Littleton v. Roy, No. 24-1267

Response to Plaintiffs' Notice of Supplemental Authority filed 07/03/25 regarding *Mahmoud v. Taylor,* No. 24-297 (U.S. June 27, 2025)

Dear Clerk Wolpert:

    In *Mahmoud,* the Court found that plaintiff-parents' free exercise rights were burdened by a public school board's refusal to permit them to opt-out of required instruction involving LGBTQ+-inclusive storybooks. Op.35.

    But a finding that governmental action burdens religious practice is the beginning of free exercise analysis—not its end. The Court reiterated *Smith*'s rule that "the government is generally free to place incidental burdens on religious exercise so long as it does so pursuant to a neutral policy that is generally applicable." *Id*.

1

The Court then identified an "exception" to *Smith*'s "general rule": when a governmental burden on religious practice "is of the same character as that imposed in *Yoder* [which required Amish parents to send their children to formal high school until age 16], we need not ask whether the law at issue is neutral or generally applicable before proceeding to strict scrutiny." Op.36. The Court applied this exception after concluding that the board's policies imposed a burden "of the exact same character as the burden in *Yoder*," Op.37, because the burdens in both *Yoder* and *Mahmoud* involved specific "educational requirement[s] or curricular feature[s]" that could substantially interfere with a child's religious development or undermine the religious beliefs parents sought to instill in a child. Op.21, 28, 29-30, 40.

But UPK's equal-opportunity requirements impose no educational requirement nor do they require any curricular feature. 4.App.0808-09. As Plaintiffs themselves acknowledge, those requirements leave publicly-funded preschools free to teach what they want, Opening.Br.44, and instead require those preschools to ensure that all of Colorado's families have equal opportunity to enroll in and receive that teaching. While *Mahmoud* recognized a free-exercise right for parents to opt-out of a specific curricular component, here plaintiff-preschools claim a First Amendment right—never before recognized—to receive public funding while turning families away, based on protected class status, from the instruction those schools choose to provide.

Because UPK's neutral and generally applicable equal-opportunity requirements don't pose burdens "of the same character" as those in *Mahmoud* and *Yoder*, rational-basis review applies. Answer.Br.19-44. The equal-opportunity requirements satisfy this, and any, level of review. Answer.Br.44-61.

Word Count: 346

Respectfully submitted,

*/s/ Helen Norton*

Helen Norton

Deputy Solicitor General
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6000
helen.norton@coag.gov
Counsel for Defendants-Appellees

cc: All counsel of record (by ECF notification)