**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney General



**STATE OF COLORADO
DEPARTMENT OF LAW**

**RALPH L. CARR
COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

August 5, 2025

VIA CM/ECF

Christopher M. Wolpert
Clerk of Court
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re: St. Mary Catholic Parish in Littleton v. Roy, No. 24-1267

Response to Plaintiffs' Notice of Supplemental Authority filed 07/29/25 regarding *Bates v. Pakseresht,* No. 23-4169 (9th Cir. 2025)

Dear Clerk Wolpert:

*Bates* has no application to this case.

There the Ninth Circuit considered a free exercise challenge to Oregon law requiring prospective adoptive parents to agree to "respect, accept, and support" a child's sexual orientation and gender identity, among other protected characteristics. Oregon "does not maintain a formal list of criteria by which it assesses whether parents will comply with [the law]," instead communicating its expectations through a course that prospective adoptive parents must complete. Op.49, 10.

1

In concluding that Oregon's law was not neutral, the panel majority emphasized that the course materials "specifically reference religion as an oppositional viewpoint to the state's understanding of what it means to respect, accept, and support sexual orientation and gender identity," that they indicate "that religious parents in particular—those who hold more traditional conceptions of sexuality and gender identity—cannot comply with the state's policy to respect, accept, and support LGBTQ children," and that they "portray traditional faith-based communities in a negative light." Op.41-43.

UPK does no such thing. It does not portray religious parents or schools in a negative light—indeed, it welcomes faith-based providers, with more than 40 faith-based providers participating at the Program's outset. In requiring *all* publicly-funded providers—regardless of their religious or secular character—to ensure equal opportunity regardless of protected class status, UPK is neutral towards religion. Answer Brief 18-22.

In *Bates,* the panel's majority also found that Oregon's program was not generally applicable because "of the substantial discretion afforded" agency officials in assessing prospective adoptive parents' compliance with the law. Op.47. Because Oregon's policies didn't spell out "[w]hat counts as enough support, acceptance and respect for sexual orientation and gender identity," the panel concluded that whether a parent will be deemed in compliance necessarily turned on agency officials' judgments. Op.49-50.

UPK affords CDEC with no such discretion, permitting no exceptions from its equal-opportunity requirements. Answer Brief 23-44. Determining that those requirements do not permit publicly-funded preschools to exclude and expel children based on their, or their parents', protected class status—as Plaintiffs seek permission to do — requires no exercise of discretion.

Word Count: 345

Respectfully submitted,

*/s/ Helen Norton*

Helen Norton
Deputy Solicitor General
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6000
helen.norton@coag.gov
Counsel for Defendants-Appellees

cc: All counsel of record (by ECF notification)